**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| IN RE: | * | |
| THE USE OF VIDEO CONFERENCING | * | |
| AND TELECONFERENCING IN | * | 2:20-mc-466-MRH |
| CRIMINAL PROCEEDINGS UNDER | * | |
| THE "CARES ACT," P.L. 116-136 | * | |
| | * | |
| | ***** | |

### ELEVENTH RENEWED FINDINGS OF THE CHIEF JUDGE AND ELEVENTH RENEWED ADMINISTRATIVE ORDER REGARDING THE USE OF VIDEO AND TELECONFERENCING TECHNOLOGY IN CERTAIN CRIMINAL PROCEEDINGS

### NOVEMBER 4, 2022

WHEREAS, on March 13, 2020, the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19), and has by subsequent declaration renewed and extended such declaration; and

WHEREAS, on March 27, 2020, the President signed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), P.L.116-136, vesting certain authority in the Chief Judge of each United States District Court covered by a finding of the Judicial Conference of the United States relative to the impact of COVID-19 on the operations of the Federal courts; and

WHEREAS, on March 29, 2020, the Judicial Conference of the United States found that conditions due to the national emergency declared by the President with respect to COVID–19 will materially affect the functioning of the Federal courts; and

WHEREAS, on March 30, 2020, June 25, 2020, September 18, 2020, December 14, 2020, March 9, 2021, June 4, 2021, August 31, 2021, November 24, 2021, February 17, 2022, May 13, 2022 and August 9, 2022, the undersigned as the Chief Judge of this Court found that

for purposes of the CARES Act, emergency conditions as found by the Judicial Conference of the United States would materially affect the functioning of this Court, and further that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure could not be conducted in person in all cases without seriously jeopardizing public health and safety, more specifically at least because of actual or reasonably likely continued limitations as follows as to a material number of such proceedings: (1) enhanced risks to a defendant and others resulting from or attendant to the process of transfer from and to a detention center to/from the Court, (2) enhanced risks to the population of a detention center attendant to the physical participation of a defendant in a proceeding with a number of other participants outside of such detention center followed by return of that defendant to a detention center from outside of the detention center, (3) enhanced risks to proceeding participants attendant to such persons convening in a central physical location after arriving there from disparate locales, (4) on-going difficulty or inability due to medical privacy laws or otherwise to fully assess in advance whether any and every participant in an in-person proceeding is at an enhanced medical risk due to their specific circumstances and/or had received a COVID-19 vaccination, (5) that as to those defendants in pre-trial or pre-sentencing custody, a number of the detention centers utilized in this District maintain, and/or with little or no advance notice implement,  policies that require those in custody to enter a period of strict isolation or quarantine upon return to a detention center from any court appearance due to public health and safety concerns, (6) one or more of those detention centers maintain, and/or with little or no advance notice implement,  policies limiting or prohibiting physical "in person" meetings with legal counsel for public health and safety reasons, (7) for public health and safety reasons, this Court had not fully moved to a "resumption of operations"

phase whereby "in person" proceedings would necessarily be routinely held in the ordinary course in all cases in each Division of the Court, (8) the rate of COVID-19 vaccination of the resident populations of the twenty-five (25) counties that make up this judicial district, and of detained individuals and detention center staff and necessary courtroom participants (including law enforcement officers), is currently widely varied across this judicial district such that fully vaccinated and "boosted" status for the majority of such individuals is not currently in place, including for the majority of detained individuals, (8) since the entry of the undersigned's prior Renewed Findings and Administrative Orders on this subject, the "delta,"  "omicron" and other variants of the COVID-19 coronavirus (including particularly the highly virulent and contagious "BA.5" virus variant) became and are prevalent in the community and detention centers, often in an unpredictable fashion, in a robust, persistent and wide-spread fashion, and new and additional variants are arising and are present with increasing and unpredictable prevalence across this judicial district generating the enhanced risks set forth in these findings, (9) individuals age 5 and under have only recently become eligible to receive the COVID-19 vaccine and all vaccine boosters, thus creating a continued material risk of secondary exposure if they are in the care of or in routine contact with individuals who would participate in "in person" Court proceedings, (10) it appeared and appears that the "delta",  "omicron" and other COVID-19 variants (including the "BA.5" virus variant) can be asymptomatically harbored and transmitted by individuals who have been fully vaccinated and boosted for the COVID-19 coronavirus, generating a risk of transmission/infection that cannot be easily discerned, predicted or assessed, (11) among the 25 counties of this judicial district, the COVID-19 transmission rate, along with other CDC-recognized indicia of significant COVID-19 community impact, are at levels signifying on-going community spread and impact of the COVID-19 virus and such impact has

at times increased in an unpredictable fashion, and (12) the incidence of multiple simultaneous COVID-19 infections directly impacting certain segments of the Court's operations; and

WHEREAS, for essentially those same public health and safety reasons which the undersigned finds continue to exist in substantially all of this judicial district, the Court is operating on a more limited staffing model, and the undersigned has determined and finds that this will implicate more limited staffing likely being utilized for a continuing period of time so as to provide for the safe and sanitary conduct of proceedings, and therefore for public health and safety reasons as more fully set out in this Order, including but not limited to such limitation on courtroom usage and staffing protocols (often on an intermittent, episodic and/or unpredictable basis) for those reasons, to now definitionally require in all cases the conduct of only "in person" proceedings across the sweep of the Court and its docket during the period of time contemplated by this Order would inevitably work a material delay in the conduct of proceedings to which defendants would otherwise consent and would desire be conducted by video or telephone conferencing to preserve and advance the ends of justice in their specific case and to prevent serious harm to the same; and

WHEREAS, the undersigned further finds and concludes that as a result of the above-listed findings all of which remain substantially in force as of the date of this Order, and additionally in light of the substantially varied (and in many cases, limited) prevalence of actual COVID-19 full vaccination in material portions of the population of this judicial district and particularly in the detention centers utilized by the Marshal for this District, both as to detainees and as to institutional staff, that such conditions continue to substantially and materially exist as of the date of this Order and are expected to exist for all or substantially all of the period of time covered by this Order, and that video and teleconference proceedings held pursuant to the

Court's March 30, 2020, June 25, 2020, September 18, 2020, December 14, 2020, March 9, 2021, June 4, 2021, August 31, 2021, November 24, 2021,February 17, 2022, May 13, 2022, and August 9, 2022 Orders have been highly effective and have substantially furthered the ends of justice and have substantially avoided causing serious harm to the interests of justice both generally and in particular cases, specifically as to the interests of the defendants who have consented to the same. Further, in these regards the undersigned has also given due consideration to the reasonable requests made by the United States Attorney's Office, the Federal Public Defender and the CJA Panel Representative for this District that criminal docket proceedings proceed only in any prudent fashion while at the same time in-person, in-court proceedings be sequenced in an appropriate fashion as is prudent, reasonably possible, and permitted by law in order to mitigate any enhanced health and other risks to the participants in such proceedings;

THEREFORE, upon the motion of the undersigned as the Chief Judge of this Court, it is ORDERED by the undersigned in his capacity as the Chief Judge of this Court that the undersigned's Order of March 30, 2020 as renewed by the similar Orders of June 25, 2020, September 18, 2020, December 14, 2020, March 9, 2021, June 4, 2021, August 31, 2021, November 24, 2021, February 17, 2022, May 13, 2022, and August 9, 2022 is and are hereby RENEWED AND EXTENDED to the fullest extent permitted by law to and for ninety (90) days from the date hereof, and video teleconferencing, and/or telephone conferencing if video teleconferencing is not reasonably available either generally or in a specific case, is continued to be AUTHORIZED for use for and in all proceedings pursuant to the terms of Section 15002(b) of the CARES Act, and more specifically as to all criminal proceedings as are set forth in Section 15002(b)(1) of the CARES Act, with the consent of the defendant or the involved juvenile as is required by law and after consultation with counsel, including:

- Detention hearings under section 3142 of title 18, United States Code;

- Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;

- Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;

- Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;

- Arraignments under Rule 10 of the Federal Rules of Criminal Procedure;

- Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;

- Pretrial release revocation proceedings under section 3148 of title 18, United States Code;

- Appearances under Rule 40 of the Federal Rules of Criminal Procedure;

- Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure; and

- Proceedings under chapter 403 of title 18, United States Code (the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings; and it is further

ORDERED that pursuant to Section 15002(b)(2) of the CARES Act that if the District Judge in a particular case finds for specific reasons that a felony plea under Rule 11 of the Federal Rules of Criminal Procedure, a felony sentencing under Rule 32 of the Federal Rules of Criminal Procedure, or any equivalent plea and sentencing, or disposition proceedings under the Federal Juvenile Delinquency Act, cannot be further delayed without serious harm to the interests of justice, then with the consent of the defendant or the juvenile as is required by law and after consultation with counsel, the plea, sentencing, or equivalent proceeding may be

conducted by video teleconference, and/or by telephone conference if video teleconferencing is not reasonably available generally or in a specific case; and it is further

ORDERED that pursuant to Section 15002(b)(3) of the CARES Act that this Order is in effect for ninety (90) days from the date of its entry, unless it is terminated or vacated prior to such date according to law. If on the date falling ninety (90) days after the date of this Order the President's emergency declaration remains in effect, as does the Judicial Conference's finding that the emergency conditions will materially affect the functioning of the Federal courts, the Chief Judge (or other judicial officer as authorized by P.L. 116-136) shall review the authorization described in this Order and determine whether it shall be extended. Such reviews will occur thereafter not less frequently than once every ninety (90) days until the last day of the covered emergency period or until the Chief Judge (or other authorized judicial officer) determines that the authorization is no longer warranted. Should the declaration of national emergency or the above-referenced finding of the Judicial Conference (or either of them) terminate or be revoked prior to the expiration of ninety (90) days from the date of the Order (or during any extension thereof), then this Order may then be vacated according to law.

 s/ Mark R. Hornak                   
Mark R. Hornak
Chief United States District Judge

Dated:  November 4,  2022